■ MAY D. WRIGLEY et al., Plaintiffs, and KEITH P. WRIGLEY et al., Respondents, v POTOMAC INSURANCE COMPANY, Appellant.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered October 15, 1985 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs May D. Wrigley and C. Davis Wrigley, residents of Fort Edward, New York, and Pasadena, California, respectively, co-owned a house located in the Town of Lake George, Warren County, and were named insureds on a homeowners policy with defendant which covered the premises as a secondary dwelling. Plaintiffs Keith P. Wrigley and Susan Wrigley were the primary residents of the house and May and Davis each stayed there approximately 2 to 7 days per year. When a fire destroyed the house, defendant compensated May and Davis for their losses occasioned thereby but refused to indemnify Keith and Susan for the value of personalty owned and used by them in their occupancy of the house. Plaintiffs then commenced an action seeking recovery under the homeowners policy for Keith and Susan's losses. In its answer, defendant alleged as an affirmative defense that Keith and Susan were not insured under the policy. It then brought on the instant motion for summary judgment. Special Term denied the motion and this appeal by defendant ensued. We now affirm.

In contending that Keith and Susan were not insured under the subject policy, defendant relies upon the clause therein defining insureds as the named insureds and "if residents of the named insureds' household * * * relatives of either". It is not disputed that Keith and Susan were related to May and

Davis. However, since neither May nor Davis resided at the Lake George property, defendant claims that Keith and Susan were not, as a matter of law, members of their household. Specifically, defendant maintains that the insurance clause in question is free from ambiguity and that the term "household" should thus be given its ordinary meaning, to wit, "a family living together * * * [t]hose who dwell under the same roof and compose a family" (Black's Law Dictionary 666 [5th ed]). This would imply that Keith and Susan must have lived at either of the primary residences of the named insureds in order to have been covered. However, the term household has rarely been given the restrictive, exclusive definition urged by defendant (see, Appleton v Merchants Mut. Ins. Co., 16 AD2d 361, 363-366; Who is "Resident" or "Member" of Same "Household" or "Family" as Named Insured, Within Liability Insurance Provision Defining Additional Insureds, Ann., 93 ALR3d 420 [and cases cited therein]). To the contrary, it is considered to be an ambiguous term (see, Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380, 384, lv denied 44 NY2d 646) and variously defined depending upon the circumstances. When a clause in an insurance policy extends coverage to household members, the term household has been broadly construed (see, Appleton v Merchants Mut. Ins. Co., supra, p 365; Ann., 93 ALR3d 420, 427; see also, Cal-Farm Ins. Co. v Boisseranc, 151 Cal App 2d 775, 312 P2d 401; Mazzilli v Accident & Cas. Ins. Co., 35 NJ 1, 170 A2d 800). The converse is true where household members are excluded from coverage (see, supra; see also, Hollander v Nationwide Mut. Ins. Co., supra).

Here, the language is ambiguous and subject to various alternative meanings, e.g., whether May and Davis, as the named insureds, could each have had more than one household for purposes of coverage (see, Hardesty v State Farm Mut. Auto. Ins. Co., 382 F2d 564, 565), or whether, in a policy specifically insuring premises as a secondary dwelling of the named insureds, household refers to the insured premises rather than to the primary dwellings of the named insureds. Consequently, the issue of coverage is subject to the submission of extrinsic proof upon the trial in order to ascertain the parties' true understanding, with the further proviso that any ambiguities still remaining should be construed in favor of coverage (see, Hollander v Nationwide Mut. Ins. Co., supra, p 384).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.