■ JANET S. SCHAUT et al., Respondents, v FIREMEN'S INSURANCE COMPANY OF NEWARK, Appellant, et al., Defendant.— In an action, *inter alia,* for a declaratory judgment, the defendant Firemen's Insurance Company of Newark, New Jersey, appeals from a judgment of the Supreme Court, Orange County (Beisner, J.), entered October 17, 1985, which declared that it was legally obligated to defend and extend coverage to the defendant Dale Bullotta in a negligence action

brought by the plaintiffs against Bullotta which resulted in a default judgment and which awarded the plaintiffs the principal sum of $150,278 against Bullotta.

Ordered that the judgment is affirmed, with costs.

The plaintiffs herein obtained a default judgment against the defendant Dale Bullotta in an action to recover damages for personal injuries sustained when the infant plaintiff Albert Schaut was bitten by a dog allegedly owned by this defendant.

The premises within which Dale Bullotta resided with his mother and brothers were subject of an insurance policy for, *inter alia,* personal injury liability issued by the defendant Firemen's Insurance Company of Newark, New Jersey (hereinafter Firemen's). The policy was secured by Anthony Bullotta, Dale Bullotta's father and the "named insured" under the policy, subsequent to his divorce from Dale's mother. Anthony Bullotta did not reside within the insured premises but his participation in and contribution to the maintenance and care of his children and the home were nevertheless extensive.

The policy at issue provides that the persons insured thereunder include, "if residents of the named insured's household, the named insured's * * * relatives * * * under the age of twenty-one". Firemen's disclaimed any obligation to defend or extend coverage to Dale Bullotta, asserting that he is not an insured person since he was not a "resident" of the name insured's "household".

The plaintiffs thereafter commenced this action to recover the amount of the default judgment from Firemen's and ultimately prevailed, the trial court concluding that "a fair inference to be drawn from the language of the contract is that 'household' as used in the clause was intended to describe the household within the insured premises" and that Dale Bullotta was "a person who was intended to benefit from coverage".

The law is clear that if an insurance policy is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the insured against the insurer *(Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, *rearg denied* 290 NY 744; *Ruder & Finn v Seaboard Sur. Co.,* 71 AD2d 216, *affd* 52 NY2d 663, *rearg denied* 54 NY2d 753). The term "household" has been characterized as ambiguous or devoid of any fixed meaning in similar contexts *(see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383, *lv*

*denied* 44 NY2d 646; *Aetna Cas. & Sur. Co. v Miller,* 276 F Supp 341; *Miller v United States Fid. & Guar. Co.,* 127 NJ Super 37, 316 A2d 51) and, as such, its interpretation requires an inquiry into the intent of the parties *(see, Kenyon v Knights Templar & Masonic Mut. Aid Assn.,* 122 NY 247, 254). The interpretation must reflect "the reasonable expectation and purpose of the ordinary business man when making an insurance contract" *(Burr v Commercial Travelers Mut. Acc. Assn.,* 295 NY 294, 301) and the meaning "which would be given it by the average man" *(Berkowitz v New York Life Ins. Co.,* 256 App Div 324, 326; *see, Miller v Continental Ins. Co.,* 40 NY2d 675; *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, *affd* 49 NY2d 924). Moreover, the circumstances particular to each case must be considered in construing the meaning of the term *(see, Kenyon v Knights Templar & Masonic Mut. Aid Assn., supra; Mazzilli v Accident & Cas. Ins. Co.,* 35 NJ 1, 170 A2d 800; *Cal-Farm Ins. Co. v Boisseranc,* 157 Cal App 2d 775, 312 P2d 401).

Viewed in this context, we agree with the trial court that Anthony Bullotta, in purchasing insurance specifically for the home in which his former wife and three sons resided, reasonably anticipated that his children would be afforded coverage thereunder as residents of his "household" and that under the circumstances, Firemen's is obligated to extend coverage to the defendant Dale Bullotta. Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.