■ JOHN FOLEY, Respondent, v THOMAS FOLEY et al., Defen-
dants, and STATE FARM FIRE AND CASUALTY COMPANY, Appel-
lant.─

On June 28, 1980, the plaintiff, who is the son of the codefendants Thomas and Marie Foley, sustained physical injuries when he fell through the roof of his parents' home while attempting to repair the roof. He was 21 years old at the time of the accident. In October 1980 the plaintiff instituted an action against his parents, seeking to recover damages incurred as a result of his fall. Thereafter, the plaintiff also instituted the instant declaratory judgment action against the defendant State Farm Fire and Casualty Company (hereinafter State Farm) as well as his parents, seeking a declaration that State Farm is obligated, pursuant to the homeowner policy issued to the plaintiff's parents, to defend and indemnify the plaintiff's parents in the companion personal injury action. In its answer to the plaintiff's complaint, State Farm set forth an affirmative defense claiming that the plaintiff's accident fell within the exclusions to coverage included in the policy in question. More particularly, State Farm relied upon the policy exclusion which stated that State Farm's duty to defend and indemnify the insured did not apply to claims arising from bodily injury to "any insured". The policy defined the term "insured" as, *inter alia,* the policy owner or owners and relatives residing in the household of the owner or owners of the policy.

Following pretrial discovery, the plaintiff moved for summary judgment, arguing that he was not a resident of his parents' household at the time of the accident. The plaintiff referred to portions of his deposition testimony which established that during 1979 through 1981, he attended Pace University in Pleasantville, New York, had an address in Pleasantville and had a full-time job at the university. On the day of his accident, the plaintiff alleged that he was on vacation and was visiting his parents. Although the plaintiff acknowledged that he received mail at his parents' address and he had neglected to change the address on his driver's

license and car registration to reflect his Pleasantville residence, he asserted that these factors did not establish residency with his parents.

State Farm opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as it is asserted against it. In support of its position, State Farm maintained that the plaintiff's driver's license, car registration, and automobile insurance which each list his parents' address as his residence qualified him as a resident of his parents' household within the meaning of the policy exclusion. State Farm also noted that when the plaintiff went to the hospital after his fall, he listed his parents' address as his residence. Finally, State Farm asserted that the plaintiff's college address did not qualify as a residence since it was not permanent.

The Supreme Court granted that branch of plaintiff's motion which was for summary judgment with respect to the cause of action for a judgment declaring that State Farm was obligated to defend its codefendants in the plaintiff's companion personal injury action. The Supreme Court concluded that the allegations in the plaintiff's complaint were sufficient to obligate State Farm to defend the codefendants irrespective of whether State Farm would ultimately be required to indemnify the codefendants. The remaining branch of the plaintiff's motion which was for summary judgment with respect to the cause of action for a judgment declaring that State Farm was obligated to indemnify, as well as State Farm's cross motion, were denied.

The Supreme Court erred in granting summary judgment to the plaintiff with respect to the duty to defend, since an issue of fact exists as to whether the plaintiff's claim falls within the coverage exclusions of the policy. It is well established that where an insurance policy includes an insurer's promise to defend the insured against specific claims as well as to indemnify for actual liability, the insurer's duty to furnish a defense is broader than its obligation to indemnify *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326; *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 368). Further, "[t]he duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer" *(Seaboard Sur. Co. v Gillette Co., supra,* at 310). An insurer, however, may be relieved of the duty to defend if it can demonstrate that the exclusions or exemptions to the policy coverage apply in the particular case

*(see, Seaboard Sur. Co. v Gillette Co., supra,* at 311; *Neuwirth v Blue Cross & Blue Shield,* 62 NY2d 718, 719).

In *Wrigley v Potomac Ins. Co.* (122 AD2d 361, 362), the Appellate Division, Third Department, recognized that the term "household" as it is often found in insurance policy provisions "is considered to be an ambiguous term *(see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 384, *lv denied* 44 NY2d 646) and [is] variously defined depending upon the circumstances". In the instant case, an issue of fact exists as to whether the plaintiff was a resident of his parents' household and thus, whether the exclusion is applicable. Consequently, the issue of coverage is subject to the submission of extrinsic proof at the trial. Thus, summary judgment in favor of the plaintiff on the issue of State Farm's obligation to defend was inappropriate. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.