■ JOHN SEKULOW, Respondent, v NATIONWIDE MUTUAL INSURANCE Co., Appellant, et al., Defendants. [597 NYS2d 60] — Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered November 8, 1991, which granted plaintiff's motion for summary judgment and denied defendant's cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.

On September 23, 1986, plaintiff was injured when the vehicle he was driving was involved in an accident with a vehicle driven by defendant Paul Rice and owned by a third person not a party in this action. The instant action seeks a declaratory judgment that Paul Rice is eligible for coverage under the terms of an automobile liability insurance policy issued to his father, defendant Lester Rice. The sole issue on this appeal is whether, at the time of the accident, Paul Rice regularly resided in the household of his father, thereby bringing him within the terms of the policy.

The evidence presented on the motion and cross-motion for summary judgment shows that, at the time of the accident, both Paul Rice and Lester Rice lived on property owned by Lester Rice located in Waterloo, New York. Lester Rice and his wife lived in the main house and Paul Rice, then 28 years old, lived in a three room apartment located in a smaller structure, which also housed a woodworking shop, and paid his parents $200/month rent. The apartment, which included a bathroom and kitchen, shared a mailbox and telephone line with the main house but had its own lock, to which Lester Rice did not have a key. Paul Rice was responsible to his parents for his portion of the telephone bill. Paul Rice took meals separately from his family and was self-employed. Some evidence was presented which indicated that, at the time of the accident, Paul Rice's girlfriend may also have been staying in the apartment, at least from time to time.

The IAS Court found that these facts established, as a matter of law, that Paul Rice was a member of his father's household and that plaintiff was therefore entitled to summary judgment. Because we find that a question of fact exists as to whether the policy may be interpreted to include as a member of Lester Rice's household a person in Paul Rice's situation, we reverse.

As used in insurance policies, the terms "household" and "reside" are considered ambiguous, and the courts have declined to assign them a fixed meaning *(Foley v Foley,* 158 AD2d 666; *Schaut v Firemen's Ins. Co.,* 130 AD2d 477; *see also, Mazzilli v Accident & Cas. Ins. Co.,* 35 NJ 1, 170 A2d 800). While we agree with the IAS Court that the ambiguous language of an insurance policy should be interpreted so as to favor any reasonable interpretation which results in coverage *(Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *Appleton v Merchants Mut. Ins. Co.,* 16 AD2d 361), we do not find the application of this rule disposes of the instant issue as a matter of law. The question remains whether, taking into account the reasonable expectations of the average person purchasing such insurance, as well as the particular circumstances of the individual case, an insured could reasonably ascribe to the word "household" a meaning which would include a person in Paul Rice's situation *(Schaut v Firemen's Ins. Co., supra).* We find that, in this case, there is a question of fact as to whether a person in the position of the insured could reasonably have believed he or she was purchasing such coverage and, therefore, summary judgment should not have been granted. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.