■ HARRY KRADJIAN et al., Appellants-Respondents, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent-Appellant. [615 NYS2d 129] —Crew III, J. Cross appeals from an order of the Supreme Court (Coutant, J.), entered October 14, 1993 in Broome County, which denied plaintiffs' motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs Harry Kradjian and Jacqueline Kradjian (hereinafter collectively referred to as the Kradjians) own a home in Broome County and are the named insureds on a homeowners policy issued by defendant. Under the terms of the policy, an "insured" includes the named insured and "residents of [the named insured's] household who are [relatives]", and the policy provides coverage for "personal property owned or used by an insured while it is anywhere in the world". Defendant's liability, however, is limited to a specified amount with respect to "personal property located at an insured's residence, other than the residence premises".

In 1988, the Kradjians purchased a second home in Orange County, California, which was insured under a separate policy issued by a carrier other than defendant. The record indicates that the Kradjians essentially split their time between their Broome County and Orange County residences. In 1991, an apartment occupied by the Kradjians' daughter, plaintiff Christine Kradjian (hereinafter Christine), was destroyed by fire. Christine's apartment was located in Alameda County, California. Thereafter, the Kradjians sought coverage under the policy issued by defendant for the loss of Christine's personal property. Defendant, having concluded that Christine was not a resident of the Kradjians' household at the time of

the loss and, hence, not an insured under the policy, denied coverage.

Plaintiffs thereafter commenced this action seeking to recover the policy limit, i.e., $14,350. Following joinder of issue and discovery, plaintiffs moved for summary judgment and defendant cross-moved for similar relief. Supreme Court denied the respective motions finding, *inter alia,* that a question of fact existed regarding whether Christine was a resident of the Kradjians' household within the meaning of the policy. These cross appeals ensued.

The primary issue on appeal distills to whether Christine **may be deemed a "resident" of the Kradjians' "household"** and, therefore, qualify as an "insured" under the policy issued by defendant. Initially, we note that the terms "resident" and "household" are not defined in the policy. With respect to "resident", this Court has held that "[r]esidency generally * * * requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" *(New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941). As to "household", courts traditionally have characterized this as an ambiguous term "devoid of any fixed meaning" *(Schaut v Firemen's Ins. Co.,* 130 AD2d 477, 478; *see, Foley v Foley,* 158 AD2d 666, 669; *Wrigley v Potomac Ins. Co.,* 122 AD2d 361, 362).

In our view, the record before us permits conflicting inferences to be drawn regarding whether Christine intended to sever her ties with either of the Kradjians' households and, as such, summary judgment properly was denied.* Beginning in 1987 and continuing up to the time of the loss, Christine was enrolled full-time in secondary and/or graduate school in California. During this period, Christine lived either at the Kradjians' Orange County residence or in housing paid for by the Kradjians and would return to the Kradjians' Broome County or Orange County residences during school breaks. The record indicates that Christine had keys to and was familiar with the security systems for both residences, and that the Kradjians maintained a room for her in each house. Additionally, it appears that Christine listed the Kradjians' Orange County residence as her address on school and credit card applications in California, while utilizing the Kradjians' Broome County address on applications for schools located on

* In this regard, we reject defendant's assertion that in order for Christine to qualify as an insured, she must be deemed a resident of the Kradjians' Broome County household.

the east coast. Although Christine registered to vote in California and possessed a California driver's license, she maintained bank accounts in both California and New York and apparently used the Kradjians' Broome County address on her income tax returns.

In light of the foregoing, we conclude that a question of fact exists as to whether Christine may be deemed a member of the Kradjians' "household" and, hence, an insured for purposes of the policy issued by defendant (see generally, New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, supra; Foley v Foley, 158 AD2d 666, supra; compare, Allstate Ins. Co. v Gominiak, 147 AD2d 979; D'Amico v Pennsylvania Millers Mut. Ins. Co., 72 AD2d 783, affd 52 NY2d 1000). Accordingly, the respective motions for summary judgment were properly denied. The parties' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

