■ SHIRLEY ARTIS, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant. [681 NYS2d 604] —In an action for a judgment declaring that the defendant is liable to the plaintiff for the amount of a judgment entered against the defendant's insureds, Joe and Carrie Ann Daniels, in an underlying personal injury action in the Supreme Court, Kings County, entitled *Artis v Daniels,* entered upon their default in appearing in that action, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated May 8, 1998, which denied its motion for summary judgment declaring that it is not so obligated.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not liable to the plaintiff for the amount of a judgment entered against the defendant's insureds, Joe and Carrie Ann Daniels, in an underlying personal injury action in the Supreme Court, Kings County, entitled

*Artis v Daniels,* entered upon their default in appearing in that action.

The plaintiff, Shirley Artis, rented a room in a one-family home owned by her niece, Carrie Ann Daniels, and Joe Daniels (hereinafter the Daniels). The Daniels maintained a homeowners policy with the defendant Aetna Casualty & Surety Company (hereinafter Aetna). On October 26, 1993, the plaintiff sustained injuries when she slipped and fell in the house. In January 1994 the plaintiff commenced a personal injury action against the Daniels. When the Daniels failed to appear in the action, a default judgment was entered against them in June 1995.

Meanwhile, on March 30, 1994, the Daniels informed Aetna of the plaintiff's accident. After conducting an investigation, Aetna, on May 9, 1994, denied coverage on the ground that the policy did not cover this incident because the plaintiff was a named insured's aunt and a resident in the household.

The plaintiff commenced this action for a judgment declaring that Aetna was obligated to pay to the plaintiff the amount of the judgment entered against the Daniels on their behalf. Aetna moved for summary judgment arguing that the plaintiff's claims were barred by certain exclusions in the policy, particularly that the plaintiff was a resident relative of a named insured. The Supreme Court denied Aetna's motion, and we reverse.

The policy specifically excludes coverage for bodily injuries sustained by a resident relative of a named insured, and medical payments to any person regularly residing at the insured premises. Therefore, the policy of insurance clearly and unambiguously excludes this incident from coverage. We conclude that, under the circumstances of this case, Aetna's delay in issuing its disclaimer was reasonable (*see, DeSantis Bros. v Allstate Ins. Co.,* 244 AD2d 183; *Silk v City of New York,* 203 AD2d 103). Accordingly, Aetna's motion for summary judgment is granted, and the matter is remitted for the entry of an appropriate judgment declaring that it is not required to pay to the plaintiff the amount of a judgment entered in the underlying action. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.