■ GENERAL ASSURANCE COMPANY, Appellant-Respondent, v LOUISE SCHMITT, Respondent-Appellant, and BRIAN MOHR, Respondent. [696 NYS2d 72] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify Louise Schmitt in an underlying personal injury action entitled *Mohr v Schmitt,* Index No. 000466/96, pending in the Supreme Court, Queens County, or to pay Brian Mohr's medical expenses under a policy of insurance issued to Schmitt, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 1, 1997, as denied its motion for summary judgment declaring that it is not obligated to defend and indemnify Schmitt in the underlying personal injury action or to pay Brian Mohr's medical expenses, and the defendant Louise Schmitt cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment declaring that the plaintiff is obligated to defend and indemnify her in the personal injury action, to pay Mohr's medical expenses, and to pay her costs in defending this declaratory judgment action.

Ordered that the order is reversed, on the law, with costs to the defendant Louise Schmitt, that branch of the motion which was to declare that the plaintiff is not obligated under the policy at issue herein to pay Brian Mohr's medical expenses is granted, and the motion is otherwise denied, that branch of the cross motion which was to declare that the plaintiff General Assurance Company is obligated under the policy at issue herein to indemnify the defendant Louise Schmitt, up to the policy limits, for her liability in the personal injury action, as well as her reasonable expenditures in the defense of this and the underlying action is granted, and the cross motion is otherwise denied, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

The plaintiff General Assurance Company (hereinafter General Assurance) insured a two-family home (hereinafter the premises) owned by the defendant Louise Schmitt (hereinafter Schmitt) under homeowner's policy number HP 0891940 07. The premises consisted of two apartments which, although they shared a common heating system and mailbox, had separate utility (gas and electric) connections, as well as separate kitchen and bathroom facilities. It is alleged that on August 18, 1995, the defendant Brian Mohr (hereinafter Mohr) fell and injured himself on the front stoop of the premises. At that time, Schmitt lived in the premises' first floor apartment, while Mohr, Schmitt's grandson, lived in the second floor apartment together with his mother (Schmitt's daughter) formerly Do-

lores Mohr, now Dolores Rapp (hereinafter Rapp). General Assurance now seeks to disclaim any coverage for a claim made against Schmitt, its insured, by Mohr in an underlying personal injury suit. On General Assurance's motion and Schmitt's cross motion, the Supreme Court found that the policy terms were ambiguous, and therefore summary judgment could not be granted because a question of fact existed as to whether Schmitt reasonably believed that she was obtaining liability coverage for a household that included her relatives living in the second floor apartment of the premises. We disagree.

The insurance policy at issue excludes coverage for *"bodily injury* to you or an *insured* within the meaning of part a. or b. of *'insured'* as defined"*. The term "insured" is defined as, *inter alia,* "residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above". While the policy defines residence premises as including a two-family house where, as here, it is shown as such on the "Declarations" page, there is no definition of "household" in the policy.

"The law is clear that if an insurance policy is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the insured against the insurer (*Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, *rearg denied* 290 NY 744; *Ruder & Finn v Seaboard Sur. Co.,* 71 AD2d 216, *affd* 52 NY2d 663, *rearg denied* 54 NY2d 753). The term 'household' has been characterized as ambiguous or devoid of any fixed meaning in similar contexts (*see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383, *lv denied* 44 NY2d 646; *Aetna Cas. & Sur. Co. v Miller,* 276 F Supp 341; *Miller v United States Fid. & Guar. Co.,* 127 NJ Super 37, 316 A2d 51) and, as such, its interpretation requires an inquiry into the intent of the parties (*see, Kenyon v Knights Templar & Masonic Mut. Aid Assn.,* 122 NY 247, 254). The interpretation must reflect 'the reasonable expectation and purpose of the ordinary business man when making an insurance contract' (*Burr v Commercial Travelers Mut. Acc. Assn.,* 295 NY 294, 301) and the meaning 'which would be given it by the average man' (*Berkowitz v New York Life Ins. Co.,* 256 App Div 324, 326; *see, Miller v Continental Ins. Co.,* 40 NY2d 675; *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, *affd* 49 NY2d 924). Moreover, the circumstances particular to each case must be considered in construing the meaning of the term (*see, Kenyon v Knights Templar & Masonic Mut. Aid Assn., supra; Mazzilli v Accident & Cas. Ins. Co.,* 35 NJ 1, 170 A2d 800; *Cal-Farm Ins. Co. v Boisseranc,* 157 Cal App 2d 775, 312

P2d 401)" (*Schaut v Firemen's Ins. Co.*, 130 AD2d 477, 478-479).

Resolving any ambiguity in the policy in favor of Schmitt, and under the circumstances presented here, it is clear that Mohr was not a member of Schmitt's household. Rapp paid Schmitt rent for the second floor apartment she and Mohr lived in. That apartment also received separate bills for the household gas and electric used by Rapp and Mohr. While Schmitt and Mohr occasionally ate together in Schmitt's apartment and she would occasionally visit her daughter in the upstairs apartment, each apartment had a separate locked inner entrance door which excluded, *inter alia*, Schmitt from entering at will. Since Schmitt would not have considered Mohr to be a member of her household, she was entitled to coverage for claims for damages due to his bodily injury in this instance (*cf., Artis v Aetna Cas. & Sur. Co.*, 256 AD2d 429; *Dutkanych v United States Fid. & Guar. Co.*, 252 AD2d 537; *Kradjian v American Mfrs. Mut. Ins. Co.*, 206 AD2d 801; *Sekulow v Nationwide Mut. Ins. Co.*, 193 AD2d 395).

However, the policy language defining the limits of the coverage provided for medical payments to others and the exclusions from such coverage is clear. It excludes coverage for the medical expenses of any person regularly residing on any part of the insured location. Since there is no doubt but that Mohr regularly resides in part of the insured location, Mohr is not entitled to recover under that provision of Schmitt's insurance policy. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.