In the Matter of HARTFORD INSURANCE COMPANY OF THE MIDWEST, Respondent, v MARY CASELLA, Appellant. [717 NYS2d 645] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the appeal is from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated November 4, 1999, which granted the application, and (2) a judgment of the same court, dated November 22, 1999, which permanently stayed the arbitration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On February 10, 1999, Mary Casella, a pedestrian, was struck by a motor vehicle. At the time, the petitioner, Hartford Insurance Company of the Midwest, was the insurer of a vehicle owned by Mary's brother, Palmiro Casella, under an automobile insurance policy which provided coverage for Palmiro and any relatives living in his household for bodily injuries arising from accidents with uninsured motorists. Mary sought uninsured motorists benefits from the petitioner asserting that she was a relative living in his household. Mary owns a two-family house and resides in the ground floor apartment. She rents the upstairs apartment to her niece Elizabeth, Palmiro's daughter, with whom he and his wife reside for part of each year. The apartments share a common heating system although they have separate electric meters. The occupants share the household expenses and eat meals together in the first floor apartment. The house has one exterior door to the street with access to the upstairs apartment provided by an interior stairway. While each apartment has a separate entrance area, there are no locked doors restricting access to any part of the house. The petitioner disclaimed coverage for Mary's claim and she filed a notice to arbitrate.

The Supreme Court permanently stayed arbitration of Mary's claim, concluding that the instant proceeding was timely commenced and that Mary was not a resident of Palmiro's household.

The relevant portion of the insurance policy provided unin-

sured motorist coverage to "the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse." The term "household" as used in insurance policies has been characterized as ambiguous and "its interpretation requires an inquiry into the intent of the parties" (*Schaut v Fireman's Ins. Co.,* 130 AD2d 477, 479). "The interpretation must reflect the reasonable expectation and purpose of the ordinary business man" and "the circumstances particular to each case must be considered" (*General Assur. Co. v Schmitt,* 265 AD2d 299, 300).

The circumstances presented here fail to establish that Palmiro considered Mary to be a member of his household. Thus, she is not entitled to uninsured motorists coverage under his automobile policy. His description of the parties' living arrangements portrayed the premises as a two-family house, with his daughter Elizabeth living in the upstairs apartment and paying rent. While the house had only one exterior door, he considered the two apartments to be separate living spaces with separate entrance areas and electric meters. Upon their return from Florida each year, he and his wife resided with his daughter in the second floor apartment and not with Mary. His depiction of the parties' living arrangements reveals that he did not consider Mary to be a member of his household and he would not have reasonably anticipated that she would be afforded coverage under his policy of automobile insurance (*see, General Assur. Co. v Schmitt, supra*; *cf., Schaut v Fireman's Ins. Co., supra*).

The appellant's remaining contention is without merit. Ritter, J. P., Santucci, McGinity and Schmidt, JJ., concur.