■ CYNTHIA A. ROHLIN, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and TRACY M. ROHLIN, Appellant. [809 NYS2d 374]—

Appeals from a judgment (denominated order) of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered April 12, 2005 in a declaratory judgment action. The judgment granted the motion of defendant Nationwide Mutual Insurance Company to dismiss the complaint against it and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the complaint against defendant Nationwide Mutual Insurance Company and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff was operating a vehicle owned by Sharol L. Mortensen when the vehicle allegedly encountered rough road and flipped over. Plaintiff's daughter, Tracy M. Rohlin (defendant), was a passenger in the vehicle. Defendant commenced an action against plaintiff and Mortensen seeking

damages for injuries she allegedly sustained in the accident. Plaintiff sought coverage from defendant Nationwide Mutual Insurance Company (Nationwide) under separate automobile liability insurance policies issued by Nationwide to her and Mortensen. Although Nationwide agreed to provide coverage under the policy issued to Mortensen, it denied coverage under the policy issued to plaintiff on the ground that Mortensen is a member of plaintiff's household and coverage extends to plaintiff only if plaintiff was operating "a motor vehicle owned by a non-member of [plaintiff's] household." Plaintiff thereafter commenced this action seeking judgment declaring that Nationwide is obligated to provide coverage to plaintiff under her policy.

Supreme Court properly denied plaintiff's cross motion seeking summary judgment but erred in granting the motion of Nationwide seeking summary judgment dismissing the complaint against it. The term "household," as used in insurance policies, is ambiguous (see General Assur. Co. v Schmitt, 265 AD2d 299, 300 [1999]; Schaut v Firemen's Ins. Co. of Newark, 130 AD2d 477, 478 [1987]). Thus, "its interpretation requires an inquiry into the intent of the parties" (General Assur. Co., 265 AD2d at 300), and the term should therefore be interpreted in a manner favoring coverage, as should any ambiguous language in an insurance policy (see Sekulow v Nationwide Mut. Ins. Co., 193 AD2d 395, 396 [1993]; Wrigley v Potomac Ins. Co., 122 AD2d 361, 362 [1986]). In our view, the issue whether Mortensen is a member of plaintiff's household cannot be resolved as a matter of law (see Kradjian v American Mfrs. Mut. Ins. Co., 206 AD2d 801, 802-803 [1994]; New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, 941-942 [1993]). Rather, that issue is best resolved by the trier of fact, "taking into account the reasonable expectations of the average person purchasing [automobile liability] insurance, as well as the particular circumstances of [this] case" (Sekulow, 193 AD2d at 396). Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.