(January 30, 2007)

■ JEFF AUERBACH et al., Respondents, v OTSEGO MUTUAL FIRE INSURANCE Co., Appellant. [829 NYS2d 195]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered January 13, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant issued a fire insurance policy to Recep Akgun and Angelina Akgun for a house in Huntington, New York. The plaintiffs, who are the Akguns' son-in-law and daughter, resided rent-free in the home, while the named insureds, the Akguns, lived in Florida at the time of the loss at issue herein. However, the Akguns had their own bedroom at the house, kept items of personalty throughout the house, received mail at that address, were free to stay at the house whenever they pleased, and in fact stayed at the house at various times for days, weeks, and even months at a time. After the house was involved in a fire, the plaintiffs sought to recover under the policy for their personalty and their additional living expenses. The defendant denied coverage, asserting that the plaintiffs were not insureds under the policy because the insured premises was not the Akguns' household under the policy. Pursuant to the policy, the plaintiffs were deemed insureds under the policy only if they were residents of the Akguns' "household."

If an insurance policy "is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the [insured] against the [insurer]" (*Hartol Prods. Corp. v Prudential Ins. Co.*, 290 NY 44, 49 [1943]; *Ruder & Finn v Seaboard Sur. Co.*, 71 AD2d 216 [1979], *affd* 52 NY2d 663 [1981]). The term "household" repeatedly has been characterized as ambiguous or devoid of any fixed meaning (*see e.g. Matter of Hartford Ins. Co. of Midwest v Casella*, 278 AD2d 417, 418 [2000]; *General Assur. Co. v Schmitt*, 265 AD2d 299, 300-301 [1999]; *Schaut v Firemen's Ins. Co. of Newark*, 130 AD2d 477, 479 [1987]). Accordingly, the interpretation of the term requires an inquiry into the intent of the parties (*see Kenyon v Knights Templar & Masonic Mut. Aid Assn.*, 122 NY 247, 254 [1890]; *Matter of Hartford Ins. Co. of Midwest v Casella, supra; see also General Assur. Co. v Schmitt, supra*) and must reflect "the reasonable expectation and purpose of the ordinary business man when making an insurance contract" (*Schaut v Firemen's Ins. Co. of Newark, supra* at 478-479 [internal quotation marks and citation omitted]; *see Miller v Continental Ins. Co.*, 40 NY2d 675, 676 [1976]; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27 [1979], *affd* 49 NY2d 924 [1980]), and the circumstances of the particular case must be considered (*see Schaut v Firemen's Ins. Co. of Newark, supra* at 479).

Here, there is a triable issue of fact as to whether the home in question was the Akguns' household for the purpose of the insurance policy (*see Schaut v Firemen's Ins. Co. of Newark,*

*supra* at 479; *Wrigley v Potomac Ins. Co.,* 122 AD2d 361 [1986]; *Matter of Prudential Prop. & Cas. Ins. Co.* [*Galioto*], 266 AD2d 926 [1999]; *Walburn v State Farm Fire & Cas. Co.,* 215 AD2d 837, 838 [1995]). Additionally, the defendant was not entitled to insist upon strict adherence to the terms of its policy relative to notice of the claim after it clearly repudiated liability on the claim by sending a letter disclaiming coverage (*see Matter of State Farm Ins. Co. v Domotor,* 266 AD2d 219, 220 [1999]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.