■ Joseph S. Bowker et al., Plaintiffs, v NVR, Inc., Individually and Doing Business as Ryan Homes of New York, Defendant and Third-Party Plaintiff. Kevin Harmon, Individually and Doing Business as K-Wall Dry Wall, Third-Party Defendant. New York State Insurance Fund, Second Third-Party Defendant-Respondent, et al., Second Third-Party Defendant. [834 NYS2d 798]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered July 5, 2006 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant-third-party plaintiff for summary judgment against second third-party defendant New York State Insurance Fund.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and judgment is granted in

favor of defendant-third-party plaintiff as follows: "It is ADJUDGED AND DECLARED that second third-party defendant New York State Insurance Fund is obligated to indemnify third-party defendant in the third-party action."

Memorandum: Defendant and third-party plaintiff, NVR, Inc., individually and doing business as Ryan Homes of New York (NVR), appeals from an order denying its motion seeking summary judgment in its third-party action against New York State Insurance Fund (SIF). NVR contracted with Kevin Harmon, individually and doing business as K-Wall Dry Wall (Harmon), to provide dry wall services. Pursuant to their contract, Harmon agreed to "waive[ ] any provision of applicable . . . state . . . worker's compensation laws which might prevent [Harmon from] being joined as a defendant or enable it to avoid liability to NVR . . . for damages, contribution, or indemnity, where [an employee of Harmon] makes any claim for damages against NVR or commences any civil action related thereto." Harmon's employee, Joseph S. Bowker, a plaintiff in the main action against NVR, was allegedly injured in the course of his employment, and NVR commenced a third-party action against Harmon (first third-party action) alleging, inter alia, that Harmon's negligence was a proximate cause of Bowker's injuries. SIF, Harmon's insurer, disclaimed coverage with respect to the first third-party action against Harmon on the ground that the policy excluded coverage for "[l]iability assumed under a contract." NVR thereafter obtained an "order and interim judgment" upon Harmon's default in the first third-party action, pursuant to which the court ordered, inter alia, that NVR shall have common-law and contractual indemnification against Harmon "for any judgment rendered in the [main] action against NVR or settlement by NVR in the [main] action, together with all attorney fees, disbursements, and expenses, incurred in the defense of the [main] action." NVR then commenced a third-party action against SIF (second third-party action) pursuant to Insurance Law § 3420 seeking, inter alia, a declaration that SIF is obligated to indemnify Harmon in the first third-party action based on the "order and interim judgment" entered in that action. As relevant to this appeal, Supreme Court denied NVR's subsequent motion for summary judgment on the second third-party complaint. That was error.

Pursuant to his contract with NVR, Harmon waived the statutory defense that "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment . . . unless such third person proves through

competent medical evidence that such employee has sustained a 'grave injury' " (Workers' Compensation Law § 11). SIF contended in opposition to NVR's motion that there is no coverage under its policy issued to Harmon unless Harmon's employee sustained a grave injury and, in denying NVR's motion, the court agreed with SIF in determining that the " 'grave injury' question involves coverage and not the merits of the indemnity issue contained in the [first] third-party complaint." Because the third-party complaint against Harmon alleged, inter alia, that Harmon's negligence was a proximate cause of Bowker's injuries, we conclude that the applicability of Workers' Compensation Law § 11 is a defense to the first third-party action and therefore relates to the merits of that action and does not merely relate to the scope of the insurance coverage provided by SIF to Harmon (*cf. Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769, 771 [1997]).

It is axiomatic that "an insurer will be called upon to provide a defense [for its insured] whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *see City of Niagara Falls v Merchants Ins. Group*, 34 AD3d 1263, 1264 [2006]). "If [an insurer] disclaims and declines to defend in the underlying lawsuit without [first seeking a declaratory judgment concerning its duty to defend or indemnify], it takes the risk that the injured party will obtain a judgment against the purported insured and then seek payment pursuant to Insurance Law § 3420" (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 356 [2004]). SIF took that risk here, and SIF therefore "may litigate only the validity of its disclaimer and cannot challenge the liability or damages determination underlying the [order and interim judgment obtained upon Harmon's default]" (*id.*). SIF's policy does not exclude from coverage the waiver of a defense but, rather, the policy excludes only liability assumed under a contract. SIF therefore improperly disclaimed coverage based on Harmon's "liability assumed under a contract," and NVR is entitled to judgment declaring that SIF is obligated to indemnify Harmon in the first third-party action with respect to the order and interim judgment entered against him in that action. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.