■ STEVEN KORSON, Appellant, v PREFERRED MUTUAL INSURANCE COMPANY, Respondent. [866 NYS2d 338]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled *Powell v Korson,* pending in the Supreme Court, Orange County, under index No. 0785/05, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated August 1, 2007, as denied his renewed motion for summary judgment declaring that the defendant is obligated to defend and indemnify him in that action, and for an award of attorney's fees incurred in that action and in the instant action.

Ordered that the order is modified, on the law, by adding a provision thereto searching the record and awarding summary judgment to the defendant; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Orange County, for

the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in an action entitled *Powell v Korson*, pending in the Supreme Court, Orange County, under index No. 0785/05.

At all relevant times, Steven Korson (hereinafter the plaintiff) and his brother, Dean Korson, resided in a house located in Warwick, New York. The plaintiff lived on the second floor. Dean, his wife Brenda, her daughter Crystal Wise (Dean's stepdaughter), and Crystal's daughter Aaliyah Powell (Dean's step-granddaughter), resided on the first floor and in the basement. In 2005, Wise brought an action against the plaintiff and Dean to recover damages for injuries allegedly sustained by Aaliyah as a result of lead poisoning while Aaliyah and Wise resided in the house. Subsequently, the defendant, Preferred Mutual Insurance Company, denied the plaintiff's claim under a homeowner's insurance policy (hereinafter the policy) for a defense and indemnification in the underlying personal injury action. Both the plaintiff and Dean were named insureds under the policy. In issuing its disclaimer, the defendant relied on a policy exclusion which excludes from liability coverage, "bodily injury to you, and if residents of your household, your relatives, and persons under the age of 21 in your care or in the care of your resident relatives." The policy contained no definition of the term "household."

The plaintiff brought the instant action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify him in the underlying action. In a prior order, the Supreme Court denied the plaintiff's motion, among other things, for summary judgment, with leave to renew upon the completion of discovery. This Court affirmed the prior order (*see Korson v Preferred Mut. Ins. Co.*, 39 AD3d 483 [2007]), finding that, in order to prevail on the motion, the plaintiff was required to "establish either that Aaliyah was not in Dean's care" or "that Dean did not reside with the plaintiff," and that the plaintiff's moving papers "established neither" (*id*. at 485). After completion of discovery, which included, inter alia, the parties' depositions, and a full inspection of the premises by the defendant, the plaintiff renewed his summary judgment motion, seeking, in addition to a declaration of coverage in the underlying action, attorney's fees incurred in both that action and the instant one.

The issue presented is whether or not Dean resided with the plaintiff in the latter's household. The term "household," as used in insurance policies, has been characterized as ambiguous and devoid of any fixed meaning. Its interpretation requires an

inquiry into the intent of the parties (*see Auerbach v Otsego Mut. Fire Ins. Co.*, 36 AD3d 840, 841 [2007]; *Matter of Hartford Ins. Co. of Midwest v Casella*, 278 AD2d 417, 418 [2000]; *General Assur. Co. v Schmitt*, 265 AD2d 299, 300 [1999]; *Schaut v Firemen's Ins. Co. of Newark*, 130 AD2d 477, 478-479 [1987]). The interpretation must reflect the reasonable expectation of the ordinary business person and the circumstances particular to each case must be considered (*see Auerbach v Ostego Mut. Fire Ins. Co.*, 36 AD3d at 841; *Matter of Hartford Ins. Co. of Midwest v Casella*, 278 AD2d at 418; *General Assur. Co. v Schmitt*, 265 AD2d at 300; *Schaut v Fireman's Ins. Co. of Newark*, 130 AD2d at 479).

In this case, it was incumbent upon the plaintiff to make a prima facie showing that he maintained a separate household from his brother Dean; he failed to do so. For example, the plaintiff's papers revealed that at the relevant time, the subject house was a single-family home, with a single mailbox, and one electric meter. There was one gas bill for the subject address. There was unrestricted access between the areas of the home in which the plaintiff lived, and in which Dean and his family lived. Furthermore, the homeowner's policy indicates that both the plaintiff and Dean are named insureds with respect to "12 Orchard Street" in Warwick, New York. There is no indication in that document that their reasonable expectation was to insure anything other than one household. Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment.

Furthermore, under the circumstances, the record warrants granting the defendant's request, which it made in the Supreme Court and makes again in this Court, that summary judgment be awarded in its favor, upon searching the record (*see* CPLR 3212 [b]). Since the plaintiff is not entitled to the subject coverage, his claims for attorney's fees incurred in the underlying personal injury action and in this action likewise fail. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the action entitled *Powell v Korson*, pending in the Supreme Court, Orange County, under index No. 0785/05 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Lifson, Miller and Eng, JJ., concur.