# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1076**
**CA 11-00922**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

FARM FAMILY CASUALTY INSURANCE COMPANY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

GERALD R. NASON, JR., DEFENDANT,
AND BRIGID POMMERENCK, AS ADMINISTRATRIX
OF THE ESTATE OF ERIC POMMERENCK, DECEASED,
DEFENDANT-RESPONDENT.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (COURTNEY G. SCIME OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered November 18, 2010 in a declaratory judgment action. The order, insofar as appealed from, denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff's motion is granted and judgment is granted in favor of plaintiff as follows:

It is ADJUDGED and DECLARED that plaintiff is not obligated to defend or indemnify defendant Gerald R. Nason, Jr. in the underlying action.

Memorandum: This litigation arises from an accident allegedly occurring on farm property (subject property) owned by Gerald Nason, Sr. (Nason). Nason also owned a separate parcel of property upon which he maintained his residence and a dairy business, which was covered by an insurance policy issued by plaintiff. Pursuant to the terms of the policy, Nason's relatives were insureds only if they were residents of his "household." Eric Pommerenck (decedent) died as the result of injuries that he sustained on the subject property while examining a hay elevator that had been offered for sale by Gerald R. Nason, Jr. (defendant), Nason's son. Defendant did not reside exclusively on the subject property but in fact also resided at times with his girlfriend at another location. The administratrix of decedent's estate commenced a wrongful death action against, inter alia, Nason and defendant, and plaintiff commenced this action seeking a declaration that it owed no duty to defend or indemnify defendant in

the underlying action on the ground that he was not an insured under its policy.  We agree with plaintiff that Supreme Court erred in denying its motion for summary judgment.

"The term household has been characterized as ambiguous or devoid of any fixed meaning in similar contexts . . . and, as such, its interpretation requires an inquiry into the intent of the parties . . . The interpretation must reflect the reasonable expectation and purpose of the ordinary business [person] when making an insurance contract . . . and the meaning which would be given it by the average [person] . . . Moreover, the circumstances particular to each case must be considered in construing the meaning of the term" (*General Assur. Co. v Schmitt*, 265 AD2d 299, 300 [internal quotation marks omitted]).  In addition, "the term should . . . be interpreted in a manner favoring coverage, as should any ambiguous language in an insurance policy" (*Rohlin v Nationwide Mut. Ins. Co.*, 26 AD3d 749, 750).

Here, plaintiff established that Nason did not consider defendant to be a member of his household, nor would he have anticipated that defendant would be afforded coverage under his insurance policy inasmuch as defendant lived separately from Nason, either in a trailer on the subject property or with a girlfriend.  The trailer was not listed in the policy as an alternate residence.  Furthermore, members of the Nason family testified at their respective depositions that defendant did not reside with the other members of the family and, indeed, was not welcome in the family home.  Consequently, plaintiff established as a matter of law that defendant was not a member of Nason's household within the meaning of the policy (*see Matter of Hartford Ins. Co. of Midwest v Casella*, 278 AD2d 417, 418, *lv denied* 96 NY2d 710; *Walburn v State Farm Fire & Cas. Co.*, 215 AD2d 837; *cf. Korson v Preferred Mut. Ins. Co.*, 55 AD3d 879, 880-881), and defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  November 10, 2011

Patricia L. Morgan
Clerk of the Court