■ THOMAS A. VINCEL, Respondent, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant. [25 NYS3d 317]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's purported insured, the defendant appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered August 11, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was attacked by a pit bull while he was getting his car from a garage he rented. The garage was next door to premises owned by Rita Alvericci. When Rita purchased the premises, she procured a homeowners insurance policy from the defendant. At the time of the dog attack, Rita's mother, Mary Alvericci, resided at the subject premises. The plaintiff commenced an action against Rita and Mary, as the alleged owners of the dog, to recover damages for personal injuries sustained as a result of the attack. At the nonjury trial in that action, the Supreme Court dismissed the complaint insofar as asserted against Rita on the basis that Rita was an out-of-possession owner of the premises. At the conclusion of the trial, the Supreme Court found Mary liable and awarded the plaintiff $150,000.

The plaintiff thereafter commenced this action pursuant to Insurance Law § 3420 (a) (2) against the defendant to recover the amount of the unsatisfied judgment against Mary, alleging that she was the defendant's insured. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendant appeals.

The defendant failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. The defendant contended that Rita was the named insured, and that the policy required Rita to be a resident of the premises in order for her relative Mary to be insured under the policy. The terms "household" and "reside" are not defined in the subject policy. Under the circumstances presented here, contrary to the defendant's contention, there are triable issues of fact as to whether the subject premises was Rita's household and whether Rita resided at the premises within the meaning of the policy (*see Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704, 708 [2012]; *Korson v Preferred Mut. Ins. Co.*, 55 AD3d 879, 880-881 [2008]; *Auerbach v Otsego Mut. Fire Ins. Co.*, 36 AD3d 840, 841-842 [2007]; *Foley v Foley*, 158 AD2d 666 [1990]; *Wrigley v Potomac Ins. Co.*, 122 AD2d 361, 361-362 [1986]). Accordingly, the Supreme Court properly denied its motion for

summary judgment dismissing the complaint regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.