■ TRACIE R. STRONG et al., Plaintiffs, v ST. THOMAS CHURCH OF IRONDEQUOIT, Also Known as ST. THOMAS THE APOSTLE CHURCH, et al., Defendants. ST. THOMAS CHURCH OF IRONDEQUOIT, Also Known as ST. THOMAS THE APOSTLE CHURCH, et al., Third-Party Plaintiffs-Respondents, v STEPPING STONES LEARNING CENTER, Third-Party Defendant-Appellant. [57 NYS3d 830]—

Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered February 11, 2016. The order, among other things, denied in part the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Third-party defendant, Stepping Stones Learning Center (Stepping Stones), appeals from an order that denied in part its motion seeking summary judgment dismissing, inter alia, the third-party complaint and, instead, granted summary judgment to nonmoving defendants-third-party plaintiffs (hereafter, Church defendants) on the breach of contract claims. Although we agree with Stepping Stones that Supreme Court erred in granting summary judgment to the Church defendants on those claims, we conclude that the court properly denied in part Stepping Stones's motion.

Stepping Stones leased certain premises from the Church defendants and, pursuant to the lease agreement between the parties, Stepping Stones was required to obtain liability insurance naming defendant-third-party plaintiff St. Thomas Church of Irondequoit, also known as St. Thomas the Apostle Church (Church), as an additional insured. The lease further required that the insurance policy obtained by Stepping Stones would "insur[e] [the Church] and [Stepping Stones] against liability for injury to persons or property occurring in or about the Premises or arising out of ownership, maintenance, use, or occupancy of [the] Premises." It is undisputed that Stepping Stones obtained an insurance policy that named the Church as an additional insured. The lease also obligated Stepping Stones to indemnify the Church for any damages arising out of any personal injury sustained by anyone "in or about" the leased premises unless such injury was caused by the negligence of the Church or any of its agents.

While the lease was in effect, Tracie R. Strong (plaintiff), an employee of Stepping Stones, was allegedly injured after she slipped and fell on snow and ice in the Church's parking lot. Plaintiffs thereafter commenced a personal injury action against the Church defendants. The Church sought coverage under the policy obtained by Stepping Stones naming the Church as an additional insured, but the insurance carrier

disclaimed coverage, prompting the Church defendants to commence a third-party action against Stepping Stones. The third-party complaint sought contractual indemnification and alleged that Stepping Stones breached the lease by failing to obtain the requisite liability insurance.

Following discovery, Stepping Stones moved for summary judgment dismissing the third-party complaint and all claims and cross-claims asserted against it, contending only that, because the Church was obligated under the lease to plow and salt the parking lot where plaintiff allegedly fell, the Church itself was negligent and is therefore not entitled to contractual indemnification from Stepping Stones. The motion made no mention of the breach of contract claims, and Stepping Stones failed to submit a copy of the insurance policy in support of its motion. In opposition to the motion, the Church defendants addressed only the breach of contract claims, contending that, inasmuch as the insurance carrier disclaimed coverage, Stepping Stones breached the lease by failing to obtain the requisite insurance coverage. The Church defendants also failed to submit a copy of the insurance policy with their opposing papers. In reply, Stepping Stones submitted only portions of the insurance policy.

In denying Stepping Stones's motion in part and sua sponte granting summary judgment to the Church defendants on the breach of contract claims, the court reasoned that the Church defendants were entitled to judgment on the ground that, "[i]f the insurance carrier provided by Stepping Stones fails to cover the broad coverage demanded by the Lease, then Stepping Stones has breached the Lease agreement."

On appeal, Stepping Stones addresses only the court's determination with respect to the breach of contract claims. We agree with Stepping Stones that the court erred in granting summary judgment to the Church defendants on those claims, and we therefore modify the order accordingly. The mere fact that the insurance carrier disclaimed coverage for the accident does not establish as a matter of law that Stepping Stones failed to obtain the necessary coverage. It is possible that the insurance carrier's disclaimer was improper, and that possibility may be explored by way of a declaratory judgment action (*see e.g. Bowker v NVR, Inc.*, 39 AD3d 1162, 1164 [2007]; *Rohlin v Nationwide Mut. Ins. Co.*, 26 AD3d 749, 750 [2006]).

We further conclude, however, that Stepping Stones is not entitled to summary judgment with respect to the breach of contract claims. As noted above, Stepping Stones's motion was directed at the contractual indemnification claim only, and no

proof was offered in support of the motion with respect to the breach of contract claims. Stepping Stones "did not establish its prima facie entitlement to judgment as a matter of law dismissing the . . . claims alleging breach of contract for the failure to procure insurance, as it did not submit any evidence demonstrating that it procured an insurance policy as required by the lease" (*Simmons v Berkshire Equity, LLC*, 149 AD3d 1119, 1121 [2017]). Thus, the burden never shifted to the Church defendants to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.