■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Respondent, v ANTONIO LEONARDO, as Administrator of the Estate of JOAO LEONARDO, Deceased, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the claimant appeals from a

judgment of the Supreme Court, Suffolk County (Gowan, J), entered October 13, 1988, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The Supreme Court did not err in concluding that the claimant's decedent was not a resident of the insured's household at the time of the accident and therefore did not fall within the definition of an "insured" under the terms of the policy issued by the petitioner. The claimant's decedent was a citizen of Portugal who was visiting his daughter, the insured, as well as other family members, when the accident occurred. Moreover, his immigration status required him to return to his homeland before a specified date. Thus, the evidence was insufficient to establish residency with the insured, and the arbitration was properly stayed (see, D'Amico v Pennsylvania Millers Mut. Ins. Co., 72 AD2d 783, affd 52 NY2d 1000; Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380; Allstate Ins. Co. v Chia-I Lung, 131 Misc 2d 586; see also, Matter of American Sec. Ins. Co. v Calarco, 85 AD2d 693). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.