■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Respondent, v ANDREW GUTSTEIN, Appellant.—In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Velsor, J.H.O.), dated November 16, 1988, which, after a hearing, granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the proceeding is dismissed on the merits, and the parties are directed to proceed to arbitration.

The petitioner sought to permanently stay arbitration of the

uninsured motorist claim in this case by contending that the respondent is not entitled to coverage under his father's family auto insurance policy because he does not qualify as a "family member", which the policy defines as "a person related to [the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household". Specifically, the petitioner claimed that the respondent is not a "resident" of his father's household. The policy issued by the petitioner contains no definition of the term "resident". After a hearing on the issue, the Judicial Hearing Officer granted the petition and stayed arbitration of the respondent's claim, finding that the respondent did not use his father's home in New Jersey as his "principal residence". We now reverse.

Contrary to the determination of the Judicial Hearing Officer, the evidence presented at the hearing supports the reasonable conclusion that the respondent maintains a residence at his father's home. Indeed, the record demonstrates that, while the respondent rents an apartment in New York City, he also spends a substantial amount of time at his father's home; he maintains his own room there; he keeps his own clothes, books, and records there; he frequently stays overnight there; he is free to come and go as he wishes there, and he has his own key to the house. Moreover, the respondent has listed the address of his father's home as his own residence address on his voter registration and driver's license, as well as on his Federal and State income tax returns, and he receives mail at that address. In addition to the foregoing facts, the respondent is listed as the principal operator of one of his father's cars on the declarations page of the insurance policy at issue. Given these circumstances, we conclude that the respondent has established that he is a covered person under the policy, inasmuch as he is a blood relative who is a resident of the named insured's household *(cf., Matter of Metropolitan Prop. & Liab. Co. v Feduchka,* 135 AD2d 715). Contrary to the petitioner's contention, the policy issued by it contains no requirement that the household of the named insured be the principal, primary, or sole residence of a family member in order for that family member to obtain benefits under the policy. Sullivan, J. P., Lawrence, Rosenblatt and Miller, JJ., concur.