OPINION OF THE COURT
Jerome C. Gorski, J.
This matter has come to be heard by way of an order to show cause brought by petitioner, Aetna Life and Casualty Company, to stay the underinsured motorist arbitration of the claim of Douglas E. Schurr, as administrator of the estate of Lori Ann Schurr. The petitioner seeks a decision of this court as to whether the deceased, Lori Ann Schurr, was a covered "family member”, pursuant to the underinsured endorsement of a policy issued to Robert and Peggy Orchard.
*718 After an evidentiary hearing on the matter, the facts appear to be largely uncontroverted. The deceased was the natural daughter of Robert Orchard and stepdaughter of Peggy Orchard, who owned a residence on Fluker Hill Road, Strykersville, New York. On the weekend before the accident which occurred on October 28, 1987, the deceased and the claimant moved all of their belongings out of their apartment in Cheektowaga, New York and into the Orchards’ home. The decedent and claimant slept in their own separate bedroom in the Orchard home. During the month of October, the Schurrs had been moving their belongings to the Orchards’ home in Strykersville and had changed their mailing address to that of the Orchards’. By the time the accident occurred, the Orchards’ home was their only address and residence. The Schurrs’ intention was to remodel the garage apartment and eventually reside therein, but extensive work needed to be done, including the installation of heat and hot water. Optimistically, the apartment would have been ready for habitation in 3 to 9 months, depending on the amount of time the Schurrs had to work on the remodeling. While at the Orchards’ residence, the Orchards and the Schurrs used each others’ automobiles interchangeably.
The Orchards’ automobile policy and underinsured endorsement in effect on October 28, 1987 afforded coverage to the Orchards and "family members” as defined by the policy. The policy defined a family member as "a person related to you by blood, marriage or adoption, who is a resident of your household”. The petitioner denied coverage under the underinsured endorsement because "they were not residents of the insured’s household * * * based on the transitory and temporary character of their presence in the Orchards household”.
The policy does not define the terms "resident” or "household”.
Mark Garrelli an underwriter for petitioner, Aetna, testified on behalf of the carrier. He testified that the premium charged on the policy is directly related to the enumerated drivers listed on the policy. Additional drivers would increase the policy costs. In any event, the Schurrs were not listed as additional drivers on the policy. The underwriter added that a common way an insurance company learns of additional drivers is at the time of a reported loss or at a renewal interval. No renewal interval had passed since the time that the Schurrs moved into the Orchard household and the only reported loss was the death of the decedent herein.
*719 Based upon the facts, it is fair to consider the decedent a "family member” and a "resident” under the policy. Although the Schurrs did not plan to live in the Orchard residence indefinitely, at the time of the accident, they were residing there and nowhere else. They had no other legal address. The fact that they had only resided in the household for one week has no probative value herein as the policy puts no parameters on the length of time a person must reside in the household before the coverage becomes effective. With regard to the issues raised by the underwriter, it is the court’s opinion that the decedent had been residing at the Orchard residence for such a short time that the Orchards had not had sufficient time to change the policy by the date of their daughter’s death. A reasonable surcharge may be a remedy available to the carrier.
In conclusion, the relief requested by the petitioner, Aetna Life and Casualty Company, is denied and this case shall proceed to arbitration as per the demand of the respondent herein.