■ NATIONWIDE INSURANCE COMPANY et al., Appellants-Respondents, v ALLSTATE INSURANCE COMPANY, Respondent-Appellant, et al., Defendant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs and judgment granted in accordance with the following Memorandum: At approximately 3:00 A.M. on April 22, 1989, Christina Delabarto and Kathleen Curcio were involved in an incident while at the home of Christina's mother, Gloria Delabarto. As a result of that incident, Curcio commenced a personal injury action against Christina seeking to recover for injuries she allegedly sustained as a result of Christina's negligence. At the time of the incident, Gloria was insured under a renter's insurance policy issued by Allstate Insurance Company (Allstate). That policy defined an insured person as any relative of Gloria, if a resident of her household.

Plaintiff Nationwide Insurance Company (Nationwide), insurer of Christina's father, defended Christina against Curcio's claim and commenced this action seeking a declaration that, at the time of the incident, Christina was an insured person under the Allstate policy. In our view, Christina was an insured person under the Allstate policy as well as under the Nationwide policy and Supreme Court erred in denying plaintiffs' cross motion for summary judgment.

The parties' submissions establish that Christina's parents were divorced in July, 1982. The divorce decree awarded joint custody of Christina, but provided that she was under the "primary custody" of her mother. Christina resided with her mother on virtually a continuous basis from the time of the divorce until February, 1989, when, following an argument with her mother, Christina moved to her father's residence. At her deposition, Gloria Delabarto described her daughter's decision: "She said she'd had enough, and she was going to stay at her Dad's for a while". It is undisputed that both parents maintained a room for their daughter at their homes and that Christina, on previous occasions, had left her mother's home to stay with her father. While the proof demonstrates that Christina lived primarily with her father at the time of the incident with Curcio, she eventually resumed living primarily with her mother.

The fact that Christina maintained a significant connection to her mother's household at the time of the incident with Curcio is evidenced by the fact that Christina continued to receive her mail at her mother's home, retained and used the house key, and used her mother's address on her driver's license, registration and for school purposes (cf., *D'Amico v Pennsylvania Millers Mut. Ins. Co.*, 72 AD2d 783, *affd* 52 NY2d 1000; *Hollander v Nationwide Mut. Ins. Co.*, 60 AD2d 380, *lv denied* 44 NY2d 646). Even during the time that she stayed at her father's home, Christina continued a close personal relationship with her mother, visiting her nearly every day. Christina ate meals at her mother's home and spent at least two nights there during their estrangement. Moreover, Christina was always free to return to her mother's home (cf., *Allstate Ins. Co. v Gominiak*, 147 AD2d 979). Indeed, the very incident from which this dispute arises occurred at 3:00 A.M. while Christina and her friend were together at her mother's home. Finally, there is no evidence that Christina intended permanently to abandon her residency at her mother's household (cf., *Matter of State Farm Mut. Ins. Co. v Leonardo*, 166 AD2d 601; *D'Amico v Pennsylva-*

*nia Millers Mut. Ins. Co., supra,* at 785). None of the evidence submitted on the parties' motions indicates that Christina ever expressed a desire permanently to leave her mother's home or that Christina's absence from her mother's home was anything other than temporary *(see, Appleton v Merchants Mut. Ins. Co.,* 16 AD2d 361).

Under the circumstances, we conclude that Christina did not lose her status as a resident of her mother's household by temporarily relocating to her father's household. At the time of the incident with Curcio, Christina was a resident of the households of both her mother and her father.

Accordingly, we declare that: (1) on April 22, 1989, Christina Delabarto was an insured under the insurance policy issued by Allstate; (2) Allstate is obligated to contribute equally with Nationwide to the costs and expenses of defending Christina against the claim and lawsuit brought by Curcio against her; and (3) Allstate is obligated to contribute with Nationwide to indemnify Christina for damages she might have to pay Curcio in the proportions established by the respective insurance policies. (Appeals from Order of Supreme Court, Monroe County, Boehm, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.