■ DANIEL E. WALBURN et al., Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent. [626 NYS2d 315] —Peters, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered June 13, 1994 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On November 29, 1991, while hunting on property owned by Mary Joan Krucina on Browntown Road in the Town of Caton, Steuben County, plaintiff Daniel E. Walburn was shot by Mary Joan Krucina's son, Robert Krucina, who was also hunting on such property. Mary Joan Krucina and her husband (hereinafter the Krucinas) also owned real property on Corning Boulevard in the City of Corning, Steuben County. Prior to the accident, such property was rented to Robert Krucina and his family, who, according to Robert Krucina and other witnesses, resided there at the time of the accident.

Well prior to the accident, the Krucinas procured from defendant a homeowners insurance policy for the Browntown

Road residence and a rental dwelling policy for the Corning Boulevard residence. The Corning Boulevard policy provides coverage only to the Krucinas while the Browntown Road policy specifically provides coverage for not only the Krucinas but also residents of their household if such residents are, *inter alia,* their relatives.

Upon the review of deposition transcripts of the Krucinas as well as documentary evidence which included deeds and the various policies of insurance, Supreme Court determined that at all relevant times Robert Krucina and his family resided at the Corning Boulevard premises. In light of the coverage of the policies for both Browntown Road and Corning Boulevard, Supreme Court granted defendant's motion for summary judgment and dismissed the complaint, finding that defendant did not owe an obligation to provide liability coverage to the Krucinas since Robert Krucina was not a resident of the Browntown Road property at the time of the accident.

On this appeal, plaintiffs contend that there exists a question of fact regarding the residence of Robert Krucina. They contend that even if he was not a resident of the Browntown Road property on the date of the accident, the Krucinas have two households for coverage purposes such that a relative should be deemed a resident of either and therefore an insured under the homeowners policy.

Preliminarily, we find it clear that the Krucinas insured the Corning Boulevard property as a rental dwelling and not as a second residence. If they had chosen to insure it as a second residence, they could be found to have had two primary residences and therefore the relatives who resided in either could be considered members of their household *(see, Wrigley v Potomac Ins. Co.,* 122 AD2d 361). Clearly, the rental dwelling policy was acquired by the Krucinas prior to Robert Krucina's residence in the Corning Boulevard property. We therefore reject plaintiffs' reliance on *Schaut v Firemen's Ins. Co.* (130 AD2d 477).

As to the contention that Robert Krucina was a resident of both properties at the time of the accident, we note that while we have recognized that an individual can have more than one residence for insurance coverage purposes *(see, Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801; *Nationwide Ins. Co. v Allstate Ins. Co.,* 181 AD2d 1022), the record here does not support this conclusion. The record reveals that Robert Krucina is an adult who had his own residence. When he and his family left the Krucinas' residence to move to the Corning

Boulevard property, it is evident that Robert Krucina intended to do so permanently. All of his clothing and furniture were moved with him, the Corning Boulevard address was where his mail was received, motorcycle and hunting licenses reflected such address and this was where Robert Krucina and his family resided for more than 14 months prior to the accident *(cf., Kradjian v American Mfrs. Mut. Ins. Co., supra).* Despite the fact that Robert Krucina advised a proposed hunter that he lived at the Browntown Road property, "[p]hysical presence in the home alone is insufficient to establish a residence, particularly where, as here, [defendant] had previously established other legal residences" *(Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383, *lv denied* 44 NY2d 646).

As the evidence submitted clearly establishes that Robert Krucina did not reside at the Browntown Road property at the time of the accident, we find that summary judgment was properly granted *(D'Amico v Pennsylvania Millers Mut. Ins. Co.,* 52 NY2d 1000). We note, however, that a modification is necessary because Supreme Court dismissed the complaint rather than issuing a declaration in defendant's favor.

Cardona, P. J., Mercure, White and Spain, JJ, concur. Ordered that the order and judgment are modified, on the law, with costs to defendant, by declaring that defendant did not owe an obligation to provide liability coverage to Mary Joan Krucina and her husband for the accident sustained by plaintiff Daniel E. Walburn on their property.