■ MARY E. CANFIELD, Individually and as Parent and Natural Guardian of ELIZABETH CANFIELD, an Infant, Respondent, v PEERLESS INSURANCE COMPANY, Appellant. [692 NYS2d 562] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment. The court erred in determining that the language "residents of your household" in the homeowner's insurance policy was ambiguous and in construing that language against defendant, thereby concluding that plaintiff's daughter, Elizabeth, was not a resident of the household of her father and stepmother when she was bitten by her stepmother's dog. That language is to be given its "plain, ordinary, and popularly understood sense" (Hartford Ins. Co. v Halt, 223 AD2d 204, 212, lv denied 89 NY2d 813) and is to be construed " 'as would the * * * ordinary person when he [or she] purchases and pays for insurance' " (Michaels v City of Buffalo, 85 NY2d 754, 757). " 'Residency generally * * * requires something more than temporary or physical presence' " (Kradjian v American Mfrs. Mut. Ins. Co., 206 AD2d 801, 802; see also, Walburn v State Farm Fire & Cas. Co., 215 AD2d 837, 838). A resident is one who lives in the household

with a certain degree of permanency and intention to remain (*see, New York Cent. Mut. Fire Ins. Co. v Kowalski*, 222 AD2d 859, 861; *Kradjian v American Mfrs. Mut. Ins. Co., supra,* at 802). An individual can have more than one residence for insurance purposes (*see, Walburn v State Farm Fire & Cas. Co., supra,* at 838; *Kradjian v American Mfrs. Mut. Ins. Co., supra*), and the child of divorced parents can be a resident of both her mother's and her father's home for the purpose of being insured under the homeowner's policy of each parent (*see, Nationwide Ins. Co. v Allstate Ins. Co.,* 181 AD2d 1022; *Pellegrino v State Farm Ins. Co.,* 167 Misc 2d 617).

Elizabeth's parents were divorced and shared joint custody of Elizabeth under an agreement providing that her primary physical residence would be with her mother. It is undisputed that, for 1½ to 2 years before the incident, Elizabeth regularly stayed with her father on alternate weekends from Friday to Sunday and one night each week, had a bed, a dresser, clothing and toys at her father's home, and occasionally received mail there. Although Elizabeth resided primarily with her mother, she maintained a significant connection to her father's household (*see, Nationwide Ins. Co. v Allstate Ins. Co., supra,* at 1023), where she visited at regular intervals in a consistent pattern with a sufficient degree of permanency to establish that she was a resident of that household as a matter of law (*see, Nationwide Ins. Co. v Allstate Ins. Co., supra; cf., New York Cent. Mut. Fire Ins. Co. v Kowalski, supra*). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.