■■■ In the Matter of the Arbitration between PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellant, and PETER GALIOTO, II, Respondent. [697 NYS2d 415]·—Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition seeking to stay arbitration pursuant to CPLR 7503 (b). The court properly determined that respondent was a resident of his mother's household and was thus an insured person under the supplementary uninsured motorists endorsement to the automobile liability policy issued by petitioner to respondent's mother. The unsworn statement of respondent's mother and the hearsay letter offered by petitioner in support of the petition are without evidentiary value (see, Zuckerman v City of New York, 49 NY2d 557; Bendik v Dybowski, 227 AD2d 228, 229; Rue v Stokes, 191 AD2d 245, 246). The remaining submissions supporting the petition were not sufficient to entitle petitioner to a stay of arbitration in light of the affidavits of respondent stating that he had his own key to his mother's home and was free to come and go at will; that he kept clothing and received mail there; and that he spent three to four nights each week there, spending the remainder of his time at the home of his mother's former boyfriend (see, Nationwide Ins. Co. v Allstate Ins. Co., 181 AD2d 1022; cf., Matter of Aetna Cas. & Sur. Co. v Gutstein, 80 NY2d 773). "[A]n individual can have more than one residence for insurance coverage purposes" (Walburn v State Farm Fire & Cas. Co., 215 AD2d 837, 838), and respondent established as a matter of law that he was a resident of his mother's household. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Arbitration.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.