■ Stephen Harris, Appellant, v American Protection Insurance Company, Respondent. [716 NYS2d 758] —Mercure, J. P. Appeal from an order of the Supreme Court (Dawson, J.), entered December 27, 1999 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured in a June 15, 1987 accident while a passenger in a vehicle driven by Michael Daggett. After settling his lawsuit against Daggett for the $10,000 liability limit of

the Court of Appeals held in that case that "When * * * analysis of a hazardous condition by the municipality results in the formulation of a remedial plan, an unjustifiable delay in implementing the plan constitutes a breach of the municipality's duty to the public just as surely as if it had totally failed to study the known condition in the first instance" (*id.*, at 286), this duty flowed from the State's "nondelegable duty to maintain its roads in a reasonably safe condition" (*id.*, at 286). There is no equivalent nondelegable proprietary duty at issue in this case. As noted, the State does not own the railroad or its right-of-way nor is Fuller Road a State highway.

Daggett's automobile insurance policy, plaintiff sought to recover under the underinsured motorist coverage of his father's policy (hereinafter the policy), issued by defendant. Defendant denied coverage and this declaratory judgment action ensued. Following joinder of issue, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff did not as a matter of law qualify as a "family member" and thus was not a "covered person" under the policy. Supreme Court granted the motion and plaintiff appeals.

The relevant policy provision defined "family member" as "a person related to [the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household." Defendant supported its summary judgment motion with competent evidence that at the time plaintiff sustained his injuries, he resided with his mother in the City of Plattsburgh, Clinton County, whereas his father resided in Maryland and had an additional residence in Vermont. Notably, although plaintiff had previously resided with his father in accordance with the terms of his parents' divorce settlement, a sentence of probation imposed in 1986 required that plaintiff leave his father's residence, then in Vermont, and reside with his mother and attend school in Clinton County. Further, the verified complaint in plaintiff's action against Daggett alleged that "[a]t all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Clinton, State of New York."

The additional evidence presented by plaintiff merely tended to establish that in the 10 months preceding the accident, plaintiff was temporarily present at his father's home in Vermont with no degree of permanency or intent to remain there (see, New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, 941). Even that evidence failed to account for the fact that by the time of the accident plaintiff's father had moved to Maryland. Under the circumstances, we conclude that the evidence warranted a determination as a matter of law that at the time of the accident plaintiff had but one residence, which was not with his father (see, Walburn v State Farm Fire & Cas. Co., 215 AD2d 837).

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.