■ ASHLEY APPELL et al., Appellants, v STATE FARM INSURANCE COMPANY et al., Respondents. [739 NYS2d 182] —In an action for a judgment declaring that the defendant State Farm Insurance Company is obligated to defend and indemnify the defendant Joseph Appell in an underlying action entitled *Appell v Mandel,* pending in the Supreme Court, Nassau County, under Index No. 021497/1999, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated March 19, 2001, which granted that branch of the motion of the defendant State Farm Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant State Farm Insurance Company is not obligated to defend and indemnify the defendant Joseph Appell in the underlying action.

The insurance policy at issue excludes coverage for "bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured." The term insured is defined as, inter alia, "residents of your household [who are]: a. your relatives; and b * * * under the age of 21 * * * in the care of a person described above." The term "resident" is not defined in the policy. Courts have held that residency requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain (*see, Commercial Mut. Ins. Co. v Wagschall,* 256 AD2d 300, 301; *Fiore v Excelsior Ins.,* 276 AD2d 895, 896; *Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801, 802; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941; *Canfield v Peerless Ins. Co.,* 262 AD2d 934, 934-935; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383). The defendant State Farm Insurance Company (hereinafter State Farm) sustained its burden in the first instance on the motion for summary judgment by establishing that, on the date of the accident, the infant plaintiff was a resident in the household insured by the homeowner's policy issued by it, thereby excluding coverage under the policy for the injuries she sustained (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 560; *see also, Matter of Aetna Cas. & Sur. Co. v Gutstein,* 80 NY2d 773, 775). In opposition to the motion, the plaintiff Kerry Appell failed to come forward with admissible evidence sufficient to raise a tri-

able issue of fact with respect to the infant plaintiff's residence (*see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). We reject those statements made by the plaintiff Kerry Appell in her affidavit submitted in opposition to State Farm's motion for summary judgment which conflicted with her deposition testimony, on the ground that they constitute a belated attempt to raise a feigned factual issue designed to avoid the consequences of dismissal (*see, Fontana v Fortunoff,* 246 AD2d 626, 627; *Miller v City of New York,* 214 AD2d 657; *Garvin v Rosenberg,* 204 AD2d 388).

The matter must be remitted to the Supreme Court, Nassau County, however, for the entry of an appropriate judgment declaring that State Farm is not required to defend or indemnify Joseph Appell in the underlying action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

In light of our determination, we do not reach the plaintiff's remaining argument. Altman, J.P., Adams, Townes and Crane, JJ., concur.