■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v LAWRENCE W. PECKEY, Respondent, et al., Defendants. [747 NYS2d 878] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Mintz, J.), entered August 13, 2001, which, inter alia, granted defendant Lawrence W. Peckey's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the cross motion of Lawrence W. Peckey (defendant) for summary judgment declaring that he is entitled to coverage under an automobile insurance policy issued by plaintiff to defendant's mother and stepfather. Contrary to plaintiff's contention, the court properly determined that defendant was a resident of his

mother's household when he was involved in the underlying motor vehicle accident for which he seeks coverage and thus was an "insured" person under the policy. "Courts have held that residency requires something more than temporary or physical presence" (*Appell v State Farm Ins. Co.*, 292 AD2d 407, 407; *see Matter of New York Cent. Mut. Fire Ins. Co. v Bonilla*, 269 AD2d 599; *New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940, 941). "A resident is one who lives in the household with a certain degree of permanency and intention to remain" (*Canfield v Peerless Ins. Co.*, 262 AD2d 934, 934-935, *lv denied* 94 NY2d 757; *see Appell*, 292 AD2d at 407). Here, defendant established that, two days before the accident, he had moved back to the United States following a military tour of duty in Guam. Defendant's active military duty was to end nearly two weeks after the accident, and defendant planned to leave the military and reside at his mother's home for an indefinite period of time while he sought employment. Defendant had a key to his mother's home and his driver's license listed his mother's home as his address. Defendant had maintained his voter registration in New York State during his entire military service, and he had returned to his mother's home for periods of up to 30 days while on military leave. Defendant resided with his mother and stepfather for several months after his active duty ended. Thus, defendant established as a matter of law that he was a resident of his mother's household on the date of the accident (*see e.g. Matter of Prudential Prop. & Cas. Ins. Co. [Galioto]*, 266 AD2d 926; *Canfield*, 262 AD2d at 935; *cf. Matter of Aetna Cas. & Sur. Co. v Gutstein*, 80 NY2d 773, 775). The fact that defendant may have had other residences during his military service is not dispositive; "[a]n individual can have more than one residence for insurance purposes" (*Canfield*, 262 AD2d at 935; *see Prudential Prop. & Cas. Ins. Co.*, 266 AD2d 926). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.