(May 11, 2004)

■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and HENRY RAPP, JR., an Infant, by His Mother and Natural Guardian, ALICIA RAPP, Appellant. [776 NYS2d 285]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered October 28, 2002, which granted the petition of Allstate Insurance Company to stay arbitration permanently of an uninsured motorist claim under an insurance policy issued to respondent's grandfather, unanimously reversed, on the law, without costs or disbursements, the stay vacated and the petition denied and dismissed.

On August 2, 2000, while 11-year-old respondent Henry Rapp, Jr., was riding his bicycle, he was struck by a motor vehicle whose operator fled the scene. On January 21, 2001, respondent, by his mother and natural guardian, filed a demand for arbitration of an uninsured motorist claim under an automobile liability policy issued by Allstate Insurance Company to respondent's maternal grandfather, Melvin H. Martin. Pursuant to the policy's supplementary uninsured motorists (SUM) endorsement, under which respondent is attempting to proceed, an "insured" is defined, inter alia, as "you, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse." The endorsement does not define relatives. Allstate moved to stay arbitration permanently on the ground that respondent did not live with the insured, his grandfather, but, rather, with his mother at 150 West Burnside Avenue in the Bronx. In opposition, the grandfather submitted an affidavit stating that at the time of the accident and for six years prior thereto respondent lived with him and his wife in apartment 2E at 40 Richman Plaza, Bronx, and was listed, along with his siblings, on the apartment

lease. The grandfather also stated that, at the time of the accident, respondent attended a school within the apartment complex, and that the school records would confirm that the address for respondent was the grandfather's address. The mother submitted an affidavit confirming those allegations.

At a framed issued hearing, the mother, a single parent, testified that because she worked long hours, her children, including respondent, stayed with her parents during the week, spending the weekends with her at 150 West Burnside Avenue. At the hospital emergency room to which respondent was taken, she gave her address as his, and in 2000, she claimed him as a dependent on her income tax returns. During July and August, respondent stayed with his mother but the grandparents would take care of him during the days. The hearing court granted the petition, finding that, despite the tenant's residential recertification, respondent was not a "resident relative" of the grandfather at the time of the accident. The court found that every other document, including the information provided to the ambulance and hospital personnel, indicated that respondent lived with his mother. We reverse.

The standard for determining residency for insurance coverage " 'requires something more than temporary or physical presence and . . . at least some degree of permanence and intention to remain' " (*Government Empls. Ins. Co. v Paolicelli,* 303 AD2d 633, 633 [2003] [citations omitted]). A person can have more than one residence for insurance coverage purposes (*see Matter of Prudential Prop. & Cas. Ins. Co. [Galioto],* 266 AD2d 926 [1999]; *Walburn v State Farm Fire & Cas. Co.,* 215 AD2d 837 [1995]). A "resident is one who lives in the household with a certain degree of permanency and intention to remain" (*Canfield v Peerless Ins. Co.,* 262 AD2d 934, 934-935 [1999], *lv denied* 94 NY2d 757 [1999]). Respondent's documentary evidence, specifically the grandfather's rent recertification, and the uncontroverted testimony offered in his behalf established his residency at his grandfather's home, Mondays through Fridays, from September through June, for the six years prior to the accident, an arrangement by which respondent spent more time with his grandparents than he did with his mother. Moreover, the arrangement would obviously continue indefinitely, allowing the mother to continue her employment. Thus, it is readily apparent that while his mother had legal custody, respondent had a significant tie to his grandfather's household, reflective of that degree of permanency and the intent to continue to reside there indefinitely required of a resident (*see Canfield, supra; see also Nationwide Ins. Co. v Allstate Ins. Co.,* 181 AD2d 1022

[1992]). The correct disposition of this case turns, not as petitioner argues, on a credibility determination reserved exclusively to the hearing court but, rather, on a point of law, namely, the recognition that respondent could, for insurance purposes, be a resident of more than one household (*see Matter of Prudential Prop. & Cas. Ins. Co. [Galioto], supra*). Concur—Buckley, P.J., Nardelli, Andrias and Sullivan, JJ.