■ In the Matter of CARLA BIUNDO, Respondent, v NEW YORK CENTRAL MUTUAL, Appellant. [789 NYS2d 195]—

In a proceeding pursuant to CPLR article 75 to compel arbitration of an underinsured motorist claim, New York Central Mutual appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), entered June 8, 2004, as, after a hearing, determined that the petitioner was an insured person pursuant to a certain insurance policy issued by it and denied that branch of its motion which was to dismiss the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court's determination, made after a hearing, that the petitioner was a resident of her parents' household on the date of the accident and thus an insured person under the

SUM endorsement of their automobile liability policy was supported by a fair interpretation of the evidence and will not be disturbed (*see e.g. Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633 [2003]; *Greenpoint Sav. Bank v Patel*, 267 AD2d 204 [1999]). The testimony at the hearing demonstrated that the petitioner and her husband continued to reside with her parents until the extensive renovations to their newly purchased residence were completed. Thus, on the date of the accident the petitioner actually resided in the insured household with some degree of permanence and with the intention to remain for an indefinite period of time (*see Matter of Aetna Life & Cas. Co. [Schurr]*, 149 Misc 2d 717, 719 [1991]; *see also Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302, 303 [2004]; *cf. New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940, 941 [1993]; *Government Empls. Ins. Co. v Paolicelli, supra*). Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.