■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES, Respondent, v WILLIAM JACKSON, JR., Appellant. [818 NYS2d 882]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 13, 2005. The judgment, upon a jury verdict, granted the petition seeking a permanent stay of arbitration.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration with respect to respondent's "uninsured motorist's claim" or, alternatively, a hearing to determine "the residency/coverage issue herein" before a jury. Respondent's mother was insured by petitioner and, pursuant to the terms of her automobile insurance policy, respondent also would be covered if he resided in his mother's household in Rochester, New York. This Court determined in a prior appeal that Supreme Court erred in denying petitioner's request for a jury trial, and we remitted the matter to Supreme Court for further proceedings (*Matter of State Farm Mut. Auto. Ins. Cos. v Jackson*, 12 AD3d 1142 [2004]). On remittal, the jury determined that respondent was not a resident of his mother's household, and respondent appeals from the judgment entered in favor of petitioner.

We affirm. "A resident is one who lives in the household with a certain degree of permanency and intention to remain" (*Can-*

*field v Peerless Ins. Co.*, 262 AD2d 934, 934-935 [1999], *lv denied* 94 NY2d 757 [1999]; *see Appell v State Farm Ins. Co.*, 292 AD2d 407 [2002]). The evidence before the jury established that respondent is the father of six children who reside in Dunkirk, New York, with his girlfriend, the children's mother. The evidence further established that respondent was unemployed and received disability benefits that were sent to his girlfriend's address in Dunkirk. The motor vehicle accident occurred in Dunkirk, while respondent was a passenger in an uninsured vehicle driven by a Dunkirk resident. Following the hospitalization of respondent for the injuries that he sustained in the accident, respondent was released to the care of his girlfriend in Dunkirk, and all his follow-up medical care took place in Dunkirk. "[T]he determination[ ] of [the jury must be] accorded due deference on appeal and should not be disturbed when supported by a fair interpretation of the evidence" (*Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633, 633 [2003] [citations omitted]) and, here, the jury's determination is supported by the requisite fair interpretation of the evidence (*cf. id.* at 633-634). Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.