■ In the Matter of the Arbitration between ERIE INSURANCE COMPANY, Appellant, and BILL J. WILLIAMS, Respondent. [821 NYS2d 318]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered January 9, 2006 in a proceeding pursuant to CPLR article 75. The order denied the petition for an order permanently staying arbitration of the supplementary uninsured motorist claim of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this proceeding seeking a permanent stay of arbitration of the supplementary uninsured motorist claim of respondent. On appeal from an order denying the petition, petitioner contends that its cancellation of a policy of automobile insurance issued to Tiffany A. Luterek was effective with respect to respondent and thus that there was no insurance in effect at the time of the underlying accident. The effectiveness of the notice of cancellation depends upon whether respondent was a "member [ ] of the insured's household" at the time of the cancellation (Vehicle and Traffic Law § 313 [3]). We conclude that Supreme Court erred in holding as a matter of law that respondent was not a member of the named insured's household within the meaning of Vehicle and Traffic Law § 313 (3). We conclude, instead, that respondent on the date of cancellation "actually resided in the insured['s] household with some degree of permanence and with the intention to remain for an indefinite period of time" (*Matter of Biundo v New York Cent. Mut.*, 14 AD3d 559, 560 [2005]). The record establishes that, although respondent and Luterek were platonic roommates, they were living as members of a single household and indeed were sharing the costs of maintaining their vehicles and the insurance thereon. We thus conclude that the policy was not in effect at the time of the accident. Under the circumstances, petitioner had no obligation to disclaim liability or to deny coverage (*see generally* Insurance Law § 3420 [d]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-190 [2000]; *Zappone v Home Ins. Co.*, 55 NY2d 131, 137-138 [1982]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.