GEORGE KONSTANTINOU, as Administrator of the Estates of STAVROS KONSTANTINOU and Another, Deceased, Appellant, v PHOENIX INSURANCE COMPANY, Respondent. [904 NYS2d 599]—

Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered June 2, 2009. The order denied the motion of plaintiff for summary judgment and granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: This action arises from a motor vehicle accident that occurred when David Thurston, who was operating a Chevrolet Celebrity (Celebrity) owned and insured by his sister, Tynette Thurston, crashed into a vehicle driven by decedent Stavros Konstantinou and in which decedent Lorin Konstantinou was a passenger. Lorin Konstantinou sustained serious injuries that resulted in death, and Stavros Konstantinou sustained serious injuries but later died of unrelated causes. Stavros Konstantinou, individually and as administrator of Lorin Konstantinou's estate, commenced an action against, inter alia, the Thurston siblings and their mother, Brenda L. Henderson. After obtaining partial satisfaction of a judgment in favor of Stavros Konstantinou, as administrator of Lorin Konstantinou's estate, against the Thurston siblings and a judgment in favor of Stavros Konstantinou, individually, against the Thurston siblings, plaintiff commenced this action pursuant to Insurance Law § 3420 seeking to recover the unpaid balance of

the judgments under an automobile insurance policy issued by defendant to Henderson. Supreme Court, inter alia, granted defendant's motion for summary judgment dismissing the complaint. We affirm.

The general coverage provision in Henderson's insurance policy provided: "*We* will pay damages for which the *insured* becomes legally responsible because of bodily injury or property damage caused by accident and arising out of the ownership, maintenance or use of *your car* or any *non-owned car*." The policy listed Henderson as the only named insured and a Chevrolet Lumina as the only covered vehicle. The policy defined "*your car*" as, inter alia, "any vehicle described on the declarations page of [the] policy." Thus, the Celebrity was not covered under the category "*your car*."

The policy also defined a "*non-owned car*" as "a land motor vehicle with at least four wheels designed to be used mainly on public roads, or a *trailer*. However, it must not be owned by or furnished or available for the regular use of *you* or a *relative*." The policy further explained that "[*y*]*ou* and *your* mean the person [listed as the named insured on the declarations page, i.e., Henderson, and that] . . . *Relative* means *your* relative, residing in *your* household."

Contrary to plaintiff's contention, the court properly determined that the Thurston siblings were relatives of Henderson who resided in her household and that the Celebrity therefore was not a "non-owned car" for which defendant would be required to provide coverage with respect to the accident in question. A person is a resident of a household for insurance purposes if he or she " 'lives in the household with a certain degree of permanency and intention to remain' " (*Matter of State Farm Mut. Auto. Ins. Cos. v Jackson*, 31 AD3d 1171, 1171 [2006]). Although Tynette Thurston lived at college at the time of the accident, defendant submitted evidence in support of the motion establishing that she was a resident of the household inasmuch as she lived with Henderson during the summers, received mail at Henderson's house, stayed there every other weekend, and listed that address on the Celebrity's title and insurance (*see Dutkanych v United States Fid. & Guar. Co.*, 252 AD2d 537, 538 [1998]; *see also Matter of Prudential Prop. & Cas. Ins. Co. [Galioto]*, 266 AD2d 926 [1999]). Thus, because the Celebrity was owned by a relative of Henderson who was a resident of her household, it was not a "non-owned car" under the terms of the policy entitled to coverage by defendant.

Moreover, it was undisputed that David Thurston was a relative of Henderson who was a resident of her household, and de-

fendant submitted evidence in support of the motion establishing that the Celebrity was available for his regular use inasmuch as he had unrestricted access to the Celebrity while Tynette Thurston was at college and had used it several times prior to the accident (*see generally Newman v New York Cent. Mut. Fire Ins. Co.*, 8 AD3d 1059, 1060 [2004]). Thus, the Celebrity also was not a "non-owned car" within the meaning of the policy because it was available for the regular use of a relative of Henderson who was a resident of her household.

Contrary to plaintiff's further contention, the Celebrity is not entitled to coverage under Henderson's policy with defendant on the ground that defendant failed to disclaim coverage in a timely manner. It is well established that "[d]isclaimer pursuant to [Insurance Law §] 3420 (d) is unnecessary when a claim falls outside the scope of the policy's coverage portion. Under those circumstances, the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *see State Farm Fire & Cas. Co. v Whiting*, 53 AD3d 1033, 1035 [2008]; *see generally Zappone v Home Ins. Co.*, 55 NY2d 131, 137-139 [1982]). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ. **[Prior Case History: 2009 NY Slip Op 30764(U).]**