◼ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v JOZSEF BAN et al., Respondents, et al., Respondents. [908 NYS2d 451]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Rios, J.), entered December 18, 2009, as, after a framed-issue hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined, after a hearing, that on the date of the subject accident, Jozsef Ban and Claudia Ban (hereinafter together the claimants) were residents of the household of Elizabeth E. Ban, who is the named insured under the relevant automobile liability insurance policy and the mother of Jozsef Ban. Accordingly, the claimants were insured persons under the uninsured motorist endorsement of the subject automobile liability insurance policy (*see Matter of Biundo v New York Cent. Mut.*, 14 AD3d 559, 559-560 [2005]; *Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d 302, 303 [2004]; *Preferred Mut. Ins. Co. v Ryan*, 179 AD2d 902 [1992]). Contrary to the petitioner's contention, the mere fact that, prior to the accident, the claimants had purchased a separate home to which they intended to move after extensive renovations were completed, was not dispositive of the issue (*see Matter of Biundo v New York Cent. Mut.*, 14 AD3d at 559-560; *Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d at 303; *see also Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 184 [2007]). The claimants' undisputed testimony, which was also supported by documents such as driver's licenses and financial account statements, demonstrated that, while they had sometimes reported their address as that of their new home in order to avoid confusion of Jozsef Ban's mail with the mail of his father, who had the same name, they had been living in the house owned by the named insured for at least seven years prior to the accident, and, due to the ongoing renovations, had not yet moved into their own home as of the date of the accident. Accordingly, contrary to the petitioner's contention, the evidence demonstrated that, on the date of the accident, the claimants "actually resided in the [named insured's] household with some degree of permanence and with the intention to remain for an indefinite period of time" (*Matter of Biundo v New York Cent. Mut.*, 14 AD3d at 560; *see Matter of Allstate Ins. Co. [Rapp]*, 7 AD3d at 303; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Bonifacio*, 69 AD3d 864, 865 [2010]).

The petitioner's further contention that the claimants maintained a separate household within the named insured's two-family house is not supported by any evidence in the record (*see generally Matter of State Farm Mut. Auto. Ins. Co. v Nater*, 22 AD3d 762, 763 [2005]). Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.