# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1463**

**CA 12-00651**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

GLORIA SCHENBACK, JASON ROSENTHAL AND
THOMAS DOMBROWSKI, PLAINTIFFS-RESPONDENTS,

                              V                                    MEMORANDUM AND ORDER

UNITED FRONTIER MUTUAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.
--------------------------------------------------
UNITED FRONTIER MUTUAL INSURANCE COMPANY,
INTERPLEADER PLAINTIFF,

                              V

ERIC PRUTSMAN, INTERPLEADER DEFENDANT-RESPONDENT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LAW OFFICES OF RICHARD S. BINKO, BUFFALO (RICHARD S. BINKO OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

JOHN RICHARD STREB, KENMORE, FOR INTERPLEADER DEFENDANT-RESPONDENT.

---

        Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 9, 2012.  The order, insofar as appealed from, granted the motion of plaintiffs for summary judgment and determined that Eric Prutsman was an insured under his parents' homeowners policy.

        It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

        Memorandum:  This appeal arises from an action pursuant to Insurance Law § 3420 (b) to recover from defendant-interpleader plaintiff, United Frontier Mutual Insurance Company (United), the amount of a default judgment that plaintiffs obtained against interpleader defendant, Eric Prutsman.  Prutsman's parents were insured by United and, pursuant to the terms of the policy, Prutsman also would be covered if he resided in his parents' household.  United appeals from an order that, inter alia, granted plaintiffs' motion for summary judgment on their complaint, determining that Prutsman is an insured under the United policy and thus that plaintiffs are entitled to recover against United pursuant to Insurance Law § 3420 (b).

"A resident is one who lives in the household with a certain degree of permanency and intention to remain" (*Canfield v Peerless Ins. Co.*, 262 AD2d 934, 934-935, *lv denied* 94 NY2d 757; *see Matter of State Farm Mut. Auto. Ins. Cos. v Jackson*, 31 AD3d 1171, 1171-1172). "The standard for determining residency for purposes of insurance coverage 'requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain' " (*Government Empls. Ins. Co. v Paolicelli*, 303 AD2d 633, 633; *see Canfield*, 262 AD2d at 934-935). Here, plaintiffs met their initial burden on their motion by establishing that Prutsman's stay in their house was only temporary and that plaintiffs, Prutsman and his parents intended at all times that he return to the parents' house to live (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In opposition, United failed to raise a triable issue of fact (*see generally Konstantinou v Phoenix Ins. Co.*, 74 AD3d 1850, 1851, *lv denied* 15 NY3d 712; *Matter of Prudential Prop. & Cas. Ins. Co. [Galioto]*, 266 AD2d 926, 926).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court