In a proceeding pursuant to CFLR 7503 to permanently stay arbitration of a claim for supplementary uninsured/ underinsured motorist benefits or, in the alternative, to temporarily stay arbitration pending prearbitration discovery and to add certain third parties as additional respondents in the proceeding, the petitioner appeals from an order of the Supreme Court, Orange County (Onofry, J.), dated April 23, 2012, which denied the petition and dismissed the proceeding.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to permanently stay arbitration of the claim for supplementary uninsured/underinsured motorist benefits; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a hearing on the issue of whether the respondent is an insured, as that term is defined in the supplementary uninsured/ underinsured motorist’s endorsement of the subject automobile insurance policy and a new determination thereafter of the branch of the petition which was to permanently stay arbitration, and arbitration is temporarily stayed pending the hearing and the new determination.
The Supreme Court erred in failing to hold a hearing on the issue of whether the respondent is an insured, as that term is defined in the supplementary uninsured/underinsured motorist’s endorsement of her brother’s automobile insurance policy. The endorsement defines an insured as, inter alia, any relative of the named insured while a resident of the same household as the named insured. While “[a] person can have more than one *1043 residence for insurance coverage purposes” (Matter of Allstate Ins. Co. [Rapp], 7 AD3d 302, 303 [2004]; see Matter of Prudential Prop. & Cas. Ins. Co. [Galioto], 266 AD2d 926 [1999]), residency in this context generally entails something more than mere temporary or physical presence, and requires some degree of permanence and intention to remain (see Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti, 11 AD3d 702 [2004]; New York Cent. Mut. Fire Ins. Co. v Kowalski, 195 AD2d 940, 941 [1993]). The petitioner submitted sufficient evidence with regard to the residence addresses of the respondent to raise a genuine issue regarding whether the respondent was a resident of her brother’s household at the time of the subject accident (see Matter of American Natl. Prop. & Cas. Co. v Chulack, 265 AD2d 550 [1999]). Accordingly, the Supreme Court must conduct a framed-issue hearing on that question, during which the arbitration shall be temporarily stayed.
The petitioner’s remaining contentions regarding prearbitration discovery and the joinder of additional parties are without merit.
Mastro, J.E, Chambers, Hall and Lott, JJ., concur.